UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

TERENCE N. GLENN,

Plaintiff, Pro Se

v.

UBER TECHNOLOGIES, INC.;

CHECKR, INC.;

LYFT, INC.;

DOORDASH, INC.;

MAPLEBEAR INC. d/b/a INSTACART;

GRUBHUB HOLDINGS INC.;

GOBRANDS, INC. d/b/a GOPUFF;

A PLACE FOR ROVER, INC. ("ROVER");

CLEANSTER.COM;

CREDIT ACCEPTANCE CORPORATION; and

OCEAN 650 / GREYSTAR PROPERTY MANAGEMENT,

Defendants.

Civil Action No.: _____

VERIFIED AMENDED COMPLAINT & EMERGENCY MOTION FOR INJUNCTIVE RELIEF

(JURY TRIAL DEMANDED)

I. PRELIMINARY STATEMENT

Verified Amended Complaint
Case No.: 1-25-cv-~~~~~

Terence Glenn

1. This is a civil rights and antitrust action challenging a coordinated "Income and Financial Blockade" imposed on the Plaintiff by a cartel of Gig Economy platforms.

2. Plaintiff possesses a binding State Order from the Massachusetts Department of Public Utilities (DPU) dated January 22, 2025, declaring him innocent of fraud.

3. Despite this, Defendants have engaged in a "Hub-and-Spoke" Conspiracy to blacklist Plaintiff. This blockade has caused the imminent loss of Plaintiff's housing, his vehicle, and threatens the safety of his household dependent, Maya.

## II. PARTIES

4. Plaintiff: Terence N. Glenn, a resident of Revere, Massachusetts.

5. The "Hub" Defendant: Checkr, Inc.

6. The "Spoke" Defendants (Gig Cartel): Uber, Lyft, DoorDash, Instacart, GrubHub, https://www.google.com/url?sa=E&source=gmail&q=Cleanster.com, Gopuff, and Rover.

7. The "Financial" Defendant: Credit Acceptance Corporation (CAC).

8. The "Housing" Defendant: Ocean 650 / Greystar Property Management.

## III. JURISDICTION & VENUE

9. Federal Question (28 U.S.C. § 1331): Sherman Act, FCRA, ADA.

10. Diversity (28 U.S.C. § 1332): Plaintiff (MA) vs. Defendants (CA/MI/DE).

11. Venue (28 U.S.C. § 1391): District of Massachusetts.

## IV. STATEMENT OF FACTS

A. The "Hub-and-Spoke" Conspiracy

12. Defendant Checkr ("Hub") provided poisoned data to all "Spokes" (Uber, Rover, Gopuff, etc.).

13. Rover: Defendant Rover denied Plaintiff's application to be a pet caregiver based on the same erroneous Checkr data, further restricting his income.

14. Gopuff Malice: Defendant Gopuff bans Plaintiff in MA for "safety" but allows him to work in RI, proving the ban is retaliatory.

B. The Housing & Medical Crisis (The "Maya" & Surgery Factor)

15. Defendant Landlord (Ocean 650) seeks eviction while the unit suffers from 8 Critical Structural Failures.

*[Signature] Terence N. Glenn*
2-13-25

16. **The Surgical Crisis:** Plaintiff is awaiting a critical MRI for a surgery requiring a 20-inch invasive procedure. Recovery on the street is medically impossible.

17. **Maya:** Plaintiff's household companion, Maya, faces imminent displacement. Emergency shelters typically do not admit animals, meaning eviction would force the separation or loss of Plaintiff's emotional support companion during his surgical recovery.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF SHERMAN ANTITRUST ACT

(Against Checkr & Gig Cartel including Rover)

18. Defendants engaged in a Group Boycott to exclude Plaintiff from the entire labor market.

### COUNT II: VIOLATION OF FCRA

(Against Checkr & Credit Acceptance)

19. Willful failure to ensure accuracy and failure to provide adverse action notices.

### COUNT III: BREACH OF IMPLIED WARRANTY OF HABITABILITY

(Against Ocean 650)

20. Demanding rent on a structurally failed unit.

### COUNT V: MISCLASSIFICATION OF EMPLOYEES

(Violation of Mass. Gen. Laws ch. 149, § 148B)

(Against All Gig Cartel Defendants: Uber, Lyft, DoorDash, Instacart, GrubHub, Gopuff, Rover, Cleanster)

1. **The "ABC Test" Failure:** Under Massachusetts Law, a worker is presumed to be an employee unless the hiring entity proves all three prongs of the "ABC Test." Defendants fail all three:

- **(A) Freedom from Control:** Defendants exerted strict control over Plaintiff's work through algorithmic management, acceptance rates, and unilateral deactivations based on background checks.

- **(B) Service Outside Usual Business:** Plaintiff performed the core service of the Defendants' business (transportation/delivery). Without drivers like Plaintiff, Defendants have no business.

- **(C) Independent Trade:** Plaintiff was not operating a truly independent business; he was economically dependent on the Defendants' platforms.

*/s/ N. Glenn*
2-13-2026

2. Willful Misclassification: Defendants willfully misclassified Plaintiff as an "Independent Contractor" to avoid paying payroll taxes, workers' compensation, and—crucially—to evade the anti-discrimination mandates of the ADA.

3. Resulting Harm: By misclassifying Plaintiff, Defendants unlawfully stripped him of his rights to:

• (a) Minimum Wage and Overtime (FLSA);

• (b) Unemployment Insurance;

• (c) Protection against Retaliatory Discharge; and

• (d) Reasonable Accommodation for his Disability.

26(a). JUDICIAL ESTOPPEL & THE "GOPUFF PRECEDENT":

Defendant GoBrands, Inc. d/b/a Gopuff is legally estopped from claiming Plaintiff is an "Independent Contractor."

* The Fact: On March 30, 2023, the Massachusetts Attorney General's Office issued $6.2 Million in citations against Gopuff (and its executives Yakir Gola and Rafael Illishayev) specifically for misclassifying drivers as independent contractors and failing to meet the "ABC Test."

E. THE INTERSTATE COMMERCE REALITY & FAA EXEMPTION

29. Plaintiff is a "Transportation Worker" Engaged in Interstate Commerce:

• Passenger Transport (Uber/Lyft): Plaintiff routinely transports passengers across state lines (e.g., from Massachusetts to New Hampshire or Rhode Island) and frequently transports passengers to/from Logan International Airport, which is an essential leg of a continuous interstate journey.

• Last-Mile Logistics (Gopuff/Instacart/DoorDash): Plaintiff delivers goods (groceries, consumer products) that originate from out-of-state distributors. Plaintiff provides the critical "last mile" transportation of these goods to their final destination.

• Legal Consequence: As a transportation worker engaged in interstate commerce, Plaintiff is EXEMPT from the Federal Arbitration Act (FAA) under 9 U.S.C. § 1 (the "Section 1 Exemption"). Defendants cannot compel arbitration to hide their illegal conduct from this Court.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following IMMEDIATE ORDERS:

A. INJUNCTIVE RELIEF:

*[Signature]*
2-13-2026

Verified Amended Complaint
Case No.: 1-25-cv-10252

Terence N. Glenn

1. Immediate Reinstatement: Order Uber, Lyft, Rover, DoorDash, and Gopuff to reactivate Plaintiff's accounts in MA.

2. Stay of Eviction (Medical Stay): Enjoin Ocean 650 from eviction until Plaintiff completes his 20-inch surgical procedure and recovery, and until the "8 Points of Failure" are repaired.

B. DAMAGES & RESTITUTION:

3. Replacement Vehicle: $68,000.00 for a BMW Hatchback (or equivalent) to replace the seized asset.

4. Parking Stipend: One (1) Year of Guaranteed Free Parking at Ocean 650.

5. Debt Clearance: Defendants to pay all liabilities to MA DOT (Tolls), DOR (Taxes), and RMV.

6. T-Mobile: Immediate payment of arrears to restore phone service.

7. Relocation Costs: $5,000.00 for professional movers to relocate Plaintiff and Maya to a safe, pet-friendly unit if the current unit is deemed uninhabitable.

C. PUNITIVE DAMAGES:

8. $5,000,000.00 for willful malice and reckless endangerment.

Respectfully Submitted,

TERENCE N. GLENN, Pro Se

650 ocean ave Unit 709

Revere, MA 02151

943-231-6323

Glenn.terence61@gmail.com

Dated: February 12, 2026

VERIFICATION

I, Terence N. Glenn, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: February 12, 2026

*Terence N. Glenn*
2-13-2026