Memorandum of Law
Case no.: 1-25-cv-10252
Case 1:26-cv-10252-ADB    Document 12-3    Filed 02/13/26    Page 1 of 4

FILED
IN OFFICE
2026 FEB 13 PM 3:08

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

TERENCE N. GLENN,

Plaintiff, Pro Se

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

Civil Action No.: _____

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S AMENDED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I. INTRODUCTION

Plaintiff Terence N. Glenn submits this Memorandum to support his Emergency Motion for a Temporary Restraining Order ("TRO"). Plaintiff is the victim of a coordinated "Income and Financial Blockade" by a cartel of Gig Economy platforms and predatory lenders.

This blockade has stripped Plaintiff of his income, destroyed his credit, and now threatens his housing and medical survival.

The facts are simple: The Commonwealth of Massachusetts (DPU) declared Plaintiff innocent of fraud on January 22, 2025. Defendants have willfully ignored this State Order to maintain an illegal blacklist.

II. ARGUMENT

To obtain a TRO, Plaintiff must show: (1) Likelihood of Success; (2) Irreparable Harm; (3) Balance of Equities; and (4) Public Interest. Winter v. NRDC, 555 U.S. 7 (2008).

A. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

1. The "Smoking Gun": The DPU Order & Gopuff Estoppel

Defendants cannot defend their actions.

• The DPU Order: The Massachusetts Department of Public Utilities (TNC Division) vacated the fraud finding against Plaintiff on Jan 22, 2025. Defendants Uber and Checkr have "no legal duty" to ignore a State Order. Their refusal to reinstate Plaintiff is a willful violation of the FCRA and a tortious interference with his right to work.

- **The Gopuff Evidence:** Defendant Gopuff bans Plaintiff in Massachusetts for "safety" but allows him to work in Rhode Island. This geographic contradiction proves the ban is pretextual and retaliatory, not based on safety.

- **Misclassification (Collateral Estoppel):** Defendant Gopuff was cited for $6.2 Million by the MA Attorney General for misclassifying drivers. They are legally estopped from claiming Plaintiff is an "Independent Contractor" to avoid ADA compliance.

### 2. The Housing Claims: Constructive Eviction

Defendant Ocean 650 seeks eviction for non-payment. However, under the Implied Warranty of Habitability, a landlord cannot collect rent when the unit is structurally unsound. Plaintiff has documented "8 Points of Failure" (wall separation, window failure) that render the unit uninhabitable.

### 3. FAA Exemption (No Arbitration)

Plaintiff is a "Transportation Worker" engaged in interstate commerce (transporting passengers to airports/across state lines). Under 9 U.S.C. § 1, he is exempt from arbitration and entitled to be heard in this Court.

## B. PLAINTIFF FACES IMMEDIATE, IRREPARABLE HARM

### 1. The Surgical Crisis (Life-or-Death)

Plaintiff is awaiting a critical MRI and a major surgical procedure requiring 20-inch invasive intervention.

- **Medical Fact:** It is impossible to recover from such surgery in a shelter or on the street. Eviction would likely result in post-operative sepsis or death.

- **Loss of Communication:** Plaintiff's T-Mobile service was disconnected due to the blockade, severing his link to his surgical team.

### 2. Displacement of Household Companion (Maya)

Eviction would force the separation of Plaintiff from his dog, Maya, as emergency shelters do not admit animals. This constitutes irreparable emotional and psychological harm during a medical crisis.

## C. THE BALANCE OF EQUITIES FAVORS PLAINTIFF

- **Defendants (Uber, Greystar, Credit Acceptance):** Multi-billion dollar corporations. Reactivating an account or pausing an eviction costs them nothing.

- **Plaintiff:** Faces homelessness, medical decline, and the loss of his family unit. The harm to Plaintiff is catastrophic.

*/s/ N. [signature]*
2/13/2026

Memorandum of Law — Terrence Glenn
Case No.: 1-25-cv-10252

D. The Public Interest

The Public has a strong interest in:

1. Ensuring Corporations obey State DPU Orders.
2. Preventing retaliatory evictions of disabled tenants.
3. Stopping predatory "Asset-Based Lending" (Credit Acceptance) that destroys the credit of innocent joint-signers.

*[signature]*

2/13/2026

Case No.: 1:25-cv-10252

## UPDATE FOR MEMORANDUM OF LAW (SECTION A.2)

### 2. The Housing Claims & The Necessity of Independent Inspection

Defendant Ocean 650 seeks eviction for non-payment. However, under the Implied Warranty of Habitability, a landlord cannot collect rent when the unit is structurally unsound.

- The "8 Points of Failure": Plaintiff has documented critical structural defects, including exterior wall separation, window frame failure, and security system collapse. These are not cosmetic issues; they are dangerous violations of the State Building Code.

- The Need for Independent Inspection: Plaintiff moves this Court to order an Immediate Inspection by a Licensed Independent Structural Engineer.

- Argument: The Landlord (Greystar) has a conflict of interest and cannot be trusted to "self-police" these violations. Their internal maintenance teams are unqualified to assess structural wall separation or glazing torque.

- Relief: The Court must STAY (freeze) all eviction proceedings until this Independent Engineer certifies—under penalty of perjury—whether the unit is safe for habitation.

## CONCLUSION (SECTION III)

### III. CONCLUSION

The Law is on Plaintiff's side (DPU Order). The Facts are on Plaintiff's side (Gopuff RI/MA split). The Morality is on Plaintiff's side (Surgery/Maya).

Plaintiff respectfully requests this Court GRANT the Emergency Motion and specifically ORDER:

1. Immediate Reinstatement of all Gig Economy accounts.

2. A Stay of Eviction pending the Independent Engineering Inspection of the "8 Points of Failure."

3. Restoration of T-Mobile service and securing of the replacement vehicle asset.

Respectfully Submitted,

TERENCE N. GLENN, Pro Se

Revere, MA

Dated: February 12, 2026

*[Signature: Terence N. Glenn, 2/13/2026]*